FIRST AMERICAN BANK OF AURORA, ILLINOIS, Plaintiff-Appellant, *v.* ROBERT W. DENNEY *et al.*, Defendants-Appellees.

Second District   No. 76-469

Opinion filed October 20, 1977.

Stephen J. Mrkvicka and Donald J. Simantz, both of Matthews, Jordan, Dean, Eichmeier & Petersen, of Aurora, for appellant.

William C. Murphy, of Reid, Ochsenschlager, Murphy & Hupp, of Aurora, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This is an appeal from a decree denying plaintiff's request that its judgment be declared a lien upon certain real estate formerly owned by plaintiff's judgment debtor. Our study of the record, briefs, and arguments of counsel has convinced us that the matter should be resolved on the basis of one issue, namely, whether there was any right by plaintiff bank to place a lien on the real estate. We affirm.

Defendant, Mary Denney, and her husband, Robert, owned their home in joint tenancy, with a first mortgage held by Aurora Savings & Loan. In November 1973 and January 1974, Robert Denney, individually, executed two notes which totaled $13,300 in principal amount. Plaintiff, First American Bank of Aurora, Illinois, was the holder of the notes. In early June 1974, the Denneys separated, Robert Denney moving out of the marital home. On June 18, 1974, Robert Denney made a quitclaim deed of his interest in the home to his wife. The deed was recorded on June 20, 1974. Plaintiff, having learned of the deed, confessed judgment on the notes on June 25, 1974, and was given judgment of $15,192.66, representing principal, interest, and fees.

The instant case arose later when plaintiff sought to set aside the conveyance of the home described above. Plaintiff's complaint requested that its earlier judgment be declared a lien on the property, such lien to be superior to the rights, title, and interests of Robert and Mary Denney. Robert Denney did not enter an appearance; Mary Denney appeared on her own behalf and it was agreed that Aurora Savings & Loan had a valid first mortgage on the property. After a bench trial, and while the court had the case under advisement, defendant, Mary Denney, amended her answer to the complaint to include as a defense the following language which appeared in both of the notes on which judgment had been confessed:

"Notwithstanding any provision hereof or of applicable law, holder irrevocably waives and releases all rights to make a judgment confessed hereon a lien on any real property now or hereafter owned by the undersigned debtor or in which the undersigned debtor may now or hereafter have an interest."

The trial court held in its decree that this language barred the claim made by plaintiff in that it expressly waived any right of plaintiff to make a

judgment confessed on the notes a lien on any real property owned by Robert Denney.

■■■ Although at variance with the pleadings, it has been plaintiff's position in both its briefs and oral argument that it is not attempting to impose a lien, but rather is attempting to set aside a conveyance allegedly in fraud of plaintiff's rights as a creditor. No one involved in this action disputes plaintiff's rights against Robert Denney which were obtained by the judgment against that defendant. Whether that judgment may be satisfied through the real estate in question becomes the issue. The two notes, which were introduced into evidence by plaintiff, are standard form notes which were prepared by plaintiff. Considering that an instrument is to be construed against the drafter (*City of Chicago v. Carpenter* (1968), 95 Ill. App. 2d 81, 238 N.E.2d 70), and that plaintiff's complaint specifically prays that its judgment be declared a lien upon the real property, we are not swayed by plaintiff's attempt, on appeal, to change the relief sought. We find that plaintiff is attempting to assert a lien which by the terms of its own notes it is precluded from asserting. Further, even if we viewed plaintiff's theory as being an attempt to set aside a fraudulent conveyance, such a turnover order would be based upon a judgment lien against the real estate, a right which plaintiff specifically waived in its notes.

■■ The reasoning of our supreme court in *Moore v. Flynn* (1890), 135 Ill. 74, 25 N.E. 844, would also seem to apply here. In that case a judgment creditor attempted to set aside as fraudulent his debtor's conveyance of her homestead estate. The court held that because the homestead estate was exempt by statute from having an existing judgment become a lien thereon, the creditor could not prevent the sale of the property as fraudulent because he was deprived of no existing right. In the cause before us, plaintiff, as creditor of Robert Denney, had waived its right to place a lien on Robert Denney's real estate by the terms of the very instrument which it prepared in conjunction with the creation of the debt. Because plaintiff therefore had no existing right against Robert Denney's real estate, a conveyance of that real estate to Mary Denney cannot be fraudulent as against plaintiff, and plaintiff can in no way subject that property to a lien in satisfaction of a judgment against Robert Denney. The decision of the trial court is affirmed.

Affirmed.

RECHENMACHER, P. J., and GUILD, J., concur.